IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANNA JULIA CUARTAS
    Reg. No. 15923-104

    Petitioner,

v.                                        Case No. 5:22-cv-228/TKW/MAL

KEVIN D. PISTRO,
F.C.I. MARIANNA

    Respondent.
_____/

## AMENDED REPORT AND RECOMMENDATION

This case is before the Court on Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies, for Mootness on Time Credits Calculation, and for Lack of Jurisdiction on Request for Court-Ordered Home Confinement, Doc. 7, and Petitioner's response in opposition to the motion. Doc. 11. For the reasons discussed herein, the undersigned concludes the motion to dismiss should be granted and the petition should be dismissed.

## PROCEDURAL HISTORY

Petitioner Anna Julia Cuartas is a 55-year-old federal prisoner who, on August 30, 2017, was convicted in the Southern District of Florida of conspiracy to distribute and dispense controlled substances in violation of 21 U.S.C. § 846 and 841(a)(1).

In September of 2022, Petitioner filed a pro se habeas petition under 28 U.S.C. § 2241, raising two claims. Doc. 1. She sought sentencing credits to which she claimed to be entitled under the First Step Act ("FSA") and an order compelling the BOP to cease from requiring her to serve 50% of her sentence to qualify for home confinement under the Coronavirus Aid, Relief and Economic Security Act (CARES Act).[1] *Id.* at 6.

Respondent filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies, for Mootness on Time Credits Calculation, and for Lack of Jurisdiction on Request for Court-Ordered Home Confinement. Doc. 7. Petitioner responded in opposition to the motion after the Court entered an Order to Show Cause. Doc. 11.

At the time she filed her petition, Petitioner's projected release date was February 29, 2028, via good conduct time release. *See* Doc. 7-1 at 1. Petitioner's current release date is March 1, 2027. *See* https://www.bop.gov/inmateloc/. Thus, Petitioner's claim she did not receive proper sentencing credits appeared moot as she had earned the maximum 365 days of FSA credit towards early transfer to supervised release. *See* 18 U.S.C. § 3624(g)(3) (If an inmate has a term of supervised released imposed as part of her sentence, "the Director of the Bureau of Prisons may

---

[1] This claim morphed in Petitioner's response to a request that she be re-processed for home confinement as she passed the 50% threshold. Doc. 11 at 1.

transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632."); *see also* 28 C.F.R. § 523.44(d).

On January 25, 2023, after Petitioner failed to timely respond to the motion to dismiss, the undersigned entered an order directing Petitioner to show cause on or before February 8, 2023 why her claim regarding the FSA credits should not be dismissed as moot. Petitioner was warned that failure to respond to the order would result in a recommendation of dismissal of this case. Having received no response, the undersigned entered a recommendation that the petition be dismissed without prejudice. On February 21, 2023, the Clerk received Petitioner's response to the Order to Show Cause, dated February 9, 2023. Doc. 11. Petitioner's response is accepted as filed and this Recommendation supersedes the Court's previous recommendation (Doc. 10).

Petitioner claims in her response that her petition should not be dismissed. First, she asserts the BOP's FSA calculations were incorrect, despite having been awarded 365 days of credit.[2] Second, she claims she has passed the 50% threshold

---

[2] The FSA permits an eligible inmate who successfully completes certain programming to earn time credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). Inmates can earn ten days of time credits for every thirty days of successful participation and eligible inmates can earn an additional five days of time credits for every thirty days of successful participation. *Id.*

of her statutory time served and she is entitled to re-processing for placement on home confinement. Doc. 11 at 1.

## DISCUSSION

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id*. Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009)

(affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an

extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* Doc. 7-2 at ¶2. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 4. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* Ordinarily,

if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection and an extension of time to correct the defect and resubmit the appeal. *Id.* (citing PS 1330.18 at 8 and 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition, and no futility exception applies. Furthermore, as to Ground Two, even if she had exhausted her administrative remedies, the Court does not have jurisdiction to grant what is essentially a request that Petitioner be designated to home confinement.

### B. Petitioner has not exhausted her administrative remedies

In Ground One of her § 2241 petition, Petitioner contends she has not received FSA credits to which she is entitled. She makes the facially contradictory assertions that she "has indeed exhausted the BOP's required 'Administrative Remedy Process' and provides proof hereto" and "any further attempts by Petitioner to have this matter resolved by the BOP would prove to be futile." Doc 1 at 13.

Despite Petitioner's assertion with respect to exhaustion, she has provided no evidence of her alleged attempts to exhaust her FSA claim. On the other hand, Respondent has presented uncontroverted evidence, in the form of a declaration signed by BOP Paralegal Specialist Kevin Littlejohn, that Petitioner filed no formal administrative remedies mentioning her FSA claim.[3] Doc. 7-2, at ¶ 5-6. Thus, her claim is subject to dismissal for failure to exhaust.

Furthermore, it appears this claim may also be moot due to the award of 365 days of credit. As noted above, the FSA permits eligible inmates to earn time credits to be applied toward time in prerelease custody or supervised release, which includes home confinement or placement at a residential reentry center. 18 U.S.C. § 3632(d)(4)(A) and (C); 18 U.S.C. § 3624(g)(2). If an inmate has a term of

---

[3] Petitioner filed only an informal grievance inquiring about her FSA credits, which, because it is not a formal administrative remedy, is not logged into the SENTRY system. Doc. 7-2 at ¶6. Petitioner was advised that FSA credits were not calculated at the institutional level, but by Central Office and she would be notified upon their application. She filed nothing further on this issue. *Id.*

supervised released imposed as part of her sentence, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d) (emphasis added). Therefore, inmates are eligible to earn and apply a maximum of 365 days of FSA credit towards early transfer to supervised release. Petitioner's release date recently changed from February 29, 2028 to March 1, 2027, which suggests the application of the maximum 365 days of FSA credit.

Petitioner's second ground for relief, her claim under the CARES Act, also is not fully exhausted, despite her statement that she "provides proof herewith that she has fully exhausted the internal grievance process required by the BOP." Doc. 1 at 14.[4]

Petitioner's request for home confinement was denied by the Exception Review Committee on May 24, 2022, as Petitioner was deemed inappropriate for home confinement at that time. Doc. 7-2 at ¶ 6. She attempted informal resolution to find out the reason for the denial. Doc. 7-2 at ¶ 6. Thereafter she filed a BP-9 listing her medical conditions and requesting review of the Exception Review

---

[4] Much, if not most of Petitioner's submission is identical to a memorandum submitted by other § 2241 petitioners, often without apparent regard to the veracity or applicability of the allegations contained therein.

Committee's denial of her home confinement request, which the Warden denied. *Id.* Her first appeal to the Regional Office was rejected due to improper format. *Id.* at 7. Petitioner corrected the errors and resubmitted the appeal, following which it was denied. *Id.* at ¶s 7-8. The Regional denial indicated that a careful review of Petitioner's records revealed she was 55 years old and was assigned a Medical Care Level 1, assignment of healthy or simply chronic care, so she did not meet the criteria for home confinement placement. *Id.* at ¶ 8. Petitioner did not pursue the final level of appeal to the Central Office. *Id.* at ¶ 9.

Petitioner's response to the motion to dismiss does not call into question Littlejohn's affidavit and his determination that she did not fully exhaust her administrative remedies. Furthermore, her response makes clear that the relief she now seeks is re-processing by the Exception Review Committee because she has reached 50% of her statutory time served. Doc. 11 at 1.

Regardless of how she frames her claims, Petitioner did not properly complete all levels of the BOP's administrative remedy process and therefore her petition should be dismissed for failure to exhaust.[5]

---

[5] To the extent Petitioner asserts that attempts at exhaustion would be futile, her suggestion is not well taken. Regardless of what district courts in other circuits may have held, this Court has noted "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is

### C. The Court lacks Jurisdiction to Order Petitioner's Home Confinement

Even if Petitioner had exhausted her administrative remedies as to her request to be placed on home confinement, this Court does not have jurisdiction to order the relief she seeks.

The BOP's statutory authority to transfer prisoners to home confinement rests in 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541. The statute provides in pertinent part:

> **Home confinement authority.** – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

---

no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.,*(*citing McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)); *cf. Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) (holding, in case where exhaustion was jurisdictional, that petitioner's case was properly dismissed because he did not show his case involved extraordinary circumstances and explain why administrative review would prove futile); *Higginbottom v. Carter*, 223 F. 3d 1259, 1261 (11th Cir. 2000) (holding, in the context of the PLRA "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative remedies would be futile").

The CARES Act provides that the BOP Director "may lengthen the maximum amount of time which the Director is authorized to place a prisoner in home confinement" if "the Attorney General finds that emergency conditions will materially affect the functioning" of the BOP. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), § 12003(b)(2). *Haymore v. Joseph*, 3:20cv5518-MCR/MAF, 2020 WL 6587279, at *6 (N.D. Fla. Sept. 21, 2020). "The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement." *Id.* (quoting *United States v. Phillips*, No. 6:16cr198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020)).

However, even under the CARES Act, the case law is abundantly clear that "the BOP retains exclusive jurisdiction to decide whether to place a prisoner under extended home confinement." *Roberts v. Pistro,* 5:22cv129/TKW/MAL, 2022 WL 18108684 (N.D. Fla. Dec. 6, 2022)[6] (citing *United States v. Groover*, 844 F. App'x 185, 188, 189 (11th Cir. 2021) (the CARES Act does not "give the judiciary any authority to grant an inmate's request for home confinement"); *see also United States v. Alvarez*, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home

---

[6] Report and recommendation adopted sub nom. *Roberts v. Piestro*, No. 5:22CV129-TKW-MAL, 2023 WL 35745 (N.D. Fla. Jan. 4, 2023).

confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *Brown v. Attorney General*, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020) (same result in order on petition pursuant to § 2241); *United States v. Phillips*, 2020 WL 2219855, *1 (M.D. Fla. May 7, 2020) ("The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement"); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.")); *accord Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021); *Tapia v. United States*, 564 U.S. 319, 331, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011)).

In sum, the CARES Act does not provide the Court the authority to grant the Petitioner's request that she be placed on home confinement. *See* U*nited States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. Aug. 9, 2022). Because the Court lacks jurisdiction, Ground Two of the petition must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies, for Mootness on Time Credits Calculation, and for Lack of Jurisdiction on Request for Court-Ordered Home Confinement, Doc. 7, be **GRANTED**.

2. The petition under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

3. The clerk be directed to close the case file.

At Gainesville, Florida on March 6, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.